J. RANLETT SMITH *vs.* FREDERICK W. A. BERGENGREN.

Essex.   November 8, 1890. — February 24, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Contract — Sale of Physician's Practice — Covenant — Liquidated Damages — Penalty.*

If a physician covenants never to practise his profession in a certain city so long as a purchaser of his professional business engages in practice there, provided, however, that he shall have the right to do so at any time after five years by paying the purchaser $2,000, "but not otherwise," that sum is not to be treated as liquidated damages to be paid upon a breach of the agreement, or as a penalty, but is the price fixed for what the contract permits the seller to do if he pays, and is recoverable by the purchaser upon the seller's engaging in practice there after the five years without paying.

CONTRACT, on the following agreement under seal, dated October 17, 1872, signed by the defendant: "Know all men by these presents, that I, F. W. A. Bergengren, of Gloucester, county of Essex and Commonwealth of Massachusetts, in consideration of twenty-five hundred dollars to me paid by J. R. Smith, of Wolfborough, New Hampshire, physician, the receipt whereof is hereby acknowledged, one thousand dollars cash, and fifteen hundred dollars in notes signed by said Smith and payable to me, do hereby sell, assign, and set over unto the said Smith the horse, carriage, harness, and appointments thereto owned and now used by me, all the furniture, carpets, fixtures, etc. in my office on Hancock Street in said Gloucester, only saving my books and instruments, also the good will of my profession as a physician.   And I, the said F. W. A. Bergengren, hereby covenant

and agree, for the consideration above named, that I will not practise in my profession as a physician at said Gloucester so long as the said Smith shall be engaged in the practice of a physician at said Gloucester; provided, however, that I shall have the right to engage in the practice of a physician at said Gloucester at any time after the expiration of five years from November 1, 1872, by paying to said Smith the sum of two thousand dollars, but not otherwise." Writ dated August 24, 1888.

Trial in the Superior Court, before *Sherman*, J., who allowed a bill of exceptions, in substance as follows. When the agreement was executed, the defendant was a practising physician in Gloucester, and the plaintiff a physician who intended to locate there for the same purpose, and who, after the signing of the agreement, began to practise there as a physician, and so continued until the trial. In the spring of 1887, the defendant returned to practise in Gloucester without paying to the plaintiff the $2,000 named in the agreement, or any part thereof, and without the plaintiff's consent, but he ceased thus to practise about the time the action was begun.

The judge ruled, against the defendant's objection, that the sum of $2,000 named in the agreement was to be treated as liquidated damages, and submitted the case to the jury. The jury returned a verdict for the plaintiff for $2,000; and the defendant excepted.

The case was argued at the bar in November, 1890, and afterwards, on February 24, 1891, was submitted on the briefs to all the judges.

*W. H. Niles*, for the defendant.

*F. L. Evans*, for the plaintiff.

HOLMES, J. The defendant covenanted never to practise his profession in Gloucester so long as the plaintiff should be in practice there, provided, however, that he should have the right to do so at any time after five years, by paying the plaintiff two thousand dollars, "but not otherwise." This sum of two thousand dollars was not liquidated damages, still less was it a penalty. It was not a sum to be paid in case the defendant broke his contract, and did what he had agreed not to do. It was a price fixed for what the contract permitted him to do if he paid. The defendant expressly covenanted not to return to practice in Gloucester unless he paid this price. It would be against

common sense to say that he could avoid the effect of thus having named the sum by simply returning to practice without paying, and could escape for a less sum if the jury thought the damage done the plaintiff by his competition was less than two thousand dollars.   The express covenant imported the further agreement, that if the defendant did return to practice he would pay the price.   No technical words are necessary if the intent is fairly to be gathered from the instrument.   See *Pearson* v. *Williams*, 24 Wend. 244, and 26 Wend. 630 ; *Stevinson's case*, 1 Leon. 324 ; *St. Albans* v. *Ellis*, 16 East, 352 ; *Deverill* v. *Burnell*, L. R. 8 C. P. 475 ; *National Provincial Bank of England* v. *Marshall*, 40 Ch. D. 112.

If the sum had been fixed as liquidated damages, the defendant would have been bound to pay it.   *Cushing* v. *Drew*, 97 Mass. 445.   *Lynde* v. *Thompson*, 2 Allen, 456.   *Holbrook* v. *Tobey*, 66 Maine, 410.   But this case falls within the language of Lord Mansfield in *Lowe* v. *Peers*, 4 Burr. 2225, 2229, that if there is a covenant not to plough with a penalty in a lease, a court of equity will relieve against the penalty, " but if it is worded ' to pay £5 an acre for every acre ploughed up,' there is no alternative, no room for any relief against it, no compensation ; it is the substance of the agreement."   See also *Ropes* v. *Upton*, 125 Mass. 258, 260.   The ruling excepted to did the defendant no wrong.   In the opinion of a majority of the court, the exceptions must be overruled.            *Exceptions overruled.*