STANDARD BUTTON FASTENING COMPANY *vs.* FRANCIS W. BREED.

Suffolk.    November 23, 1894. — January 4, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Lease of Machine — Construction of Contract — Penalty — Damages.*

The owner of certain machines for sewing buttons let them to another under a written instrument, by the terms of which the lessee agreed to keep an account of the number of buttons sewed, and to pay for the use of the machines at the rate of twelve cents a thousand. The instrument then provided that, if the lessee failed to keep and render such an account, the lessor might at his option either employ a person to keep the account, " or the lessor may, if he prefers, charge said lessee, in lieu of said twelve cents per thousand, the sum of five dollars per day for each of said machines while and so long as said lessee shall fail or neglect to render accounts of the number of buttons as above provided, and in either case said lessee hereby agrees to pay the reasonable compensation of such person employed as above specified, or to pay to the lessor the full price per day for said machines, as above agreed." *Held,* in an action upon the instrument, that the provision for payment at the rate of five dollars a day was not a penalty, but such rate was the estimated equivalent of what would be due by account for the time when the lessee failed to keep an account; and that judgment was to be entered upon the basis of such rate.

HOLMES, J.    This is an action of contract to recover for the use of certain machines for sewing buttons, at the rate of five dollars a day, under a written instrument. The only question before us is whether the provision for the payment at that rate is merely a penalty, or whether it raises a duty to pay at that full rate in the contemplated event which is admitted to have happened. The lessee or licensee agrees to keep an account of the number of buttons sewed, and to pay at the rate of twelve cents a thousand. The agreement then goes on as follows: " And if said lessee shall fail or neglect to keep an account of all the buttons sewed on by him, or by any person for him, and to render to the lessor a true account of same as above provided, then the lessor may, at his option, either employ some suitable person to enter and remain upon the premises when said machines are operated, and keep an account of the number of buttons sewed on boots, shoes, or fabrics by said machines, or the lessor may, if he prefers, charge said lessee, in lieu of said

twelve cents per thousand, the sum of five dollars per day for each of said machines while and so long as said lessee shall fail or neglect to render accounts of the number of buttons as above provided, and in either case said lessee hereby agrees to pay the reasonable compensation of such person employed as above specified, or to pay to the lessor the full price per day for said machines, as above agreed."

The first of the two courses between which the plaintiff is given a choice is not a penalty, but merely another way of fixing the price, although the choice is given to the plaintiff only in case of a breach of agreement by the lessee. When the plaintiff, instead of being at the trouble and cost of employing a person to keep the account, is allowed to charge a fixed rate per diem, the natural inference is that the rate is a roughly estimated equivalent. There is nothing to control this interpretation. It was assumed, no doubt, that the machines would be in active use. The difference between the sum which would be due by account ($700) and that which is due charging by the day ($1,000), although appreciable, is not so great as to lead to a different conclusion. Probably it is greater than was expected by the parties when they signed the instrument. If the plaintiff had employed a person to keep the account, the expense would have been added to the seven hundred dollars. Payment by the day is a liability attached to the single case of a failure to keep and render a true account, and is required only for such time as the failure lasts. It has none of the characteristics of a penalty, and in our opinion it is not one.

It is agreed that judgment shall be entered for the plaintiff for $705.36 or $1,005.36, with interest, according to the opinion of the court on the question discussed. The Superior Court ordered judgment for the larger sum.

*Judgment affirmed.*

*C. A. Taber,* for the defendant.
*G. E. Smith,* for the plaintiff.