## Charles H. Steel et al., Appellees, v. The Peoples Oil & Gas Company, Appellant.

CONTRACTS—*right to damages for breach in absence of exercise of option otherwise to satisfy breach.* If a lessee of oil lands is obligated to pay in damages, or, at his option, in a release of a portion of the demised premises for failure to drill as required by his lease, his failure to exercise his option to release such land entitles the lessor to recover his damages in money, as provided by the lease; and a provision for two dollars per day for failure to drill, *held*, in this case, liquidated damages and not a penalty.

*Assumpsit.* Appeal from the Circuit Court of Crawford county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

MCCARTY & ARNOLD and GOLDEN, SCHOLFIELD & SCHOLFIELD, for appellant.

EAGLETON & WESNER, PARKER & NEWLIN and CALLA-
HAN, JONES & LOWE, for appellees.

MR. PRESIDING JUSTICE MYERS delivered the opinion
of the court.

This action was brought in the Circuit Court by ap-
pellees to recover from appellant indebtedness
claimed to be due under written contract or lease.
The declaration is in *assumpsit* on written contract
set out and common counts added. The general issue
was filed and the case tried by jury, which returned
a verdict for plaintiffs, assessing damages, $1,128. A
motion for new trial was overruled and judgment ren-
dered on the verdict, from which the defendant ap-
pealed.

By written instrument of date February 15, 1907,
appellees leased to appellant forty acres of land for
the purpose of operating thereon for oil and gas, with
certain rights, covenants and obligations pertaining to
such operation duly specified. Appellant, lessee, went
into possession of the premises described, drilled and
completed one well within sixty days of the time-
limit provided by the lease. The well proved to be
worthless, and thereafter nothing was done by appel-
lant in drilling or boring other wells contemplated by
the lease, nor was there any formal abandonment or
surrender to right of operation on the premises until
February 18, 1908, when appellant canceled the lease
in manner and form as provided by the lease. There-
upon, this suit was brought to recover two dollars per
day rental or damages because of appellant's failure
to drill and complete other wells as required by the
following clause of the lease:

"It is provided that this lease shall become null and
void if a well is not completed on the premises within
sixty days from the date hereof, unavoidable delay
excepted, and second party agrees to complete a well
every sixty days thereafter until four wells are com-
pleted on said premises, unavoidable delays excepted,

and second party agrees to pay two dollars per day for each and every well not completed as herein specified or forfeit ten acres of the undrilled portion of said premises and second party also agrees to protect all lines by off-setting wells within three hundred feet of the line of said premises.''

It is not contended by appellant that more than one well was completed, nor is there any evidence of surrender or cancellation of the lease by appellant as it was privileged to do by the last clause which reads: ''upon the payment of $1.00 at any time by the lessee, its successors and assigns to the lessors, their heirs or assigns, the said lessee, its successors or assigns shall have the right to surrender this lease for cancellation after which all payments and liabilities thereafter to accrue under and by virtue of its terms shall cease and determine and this lease become absolutely null and void.'' It is true, as contended by appellant, that it had the right either to pay two dollars per day, or surrender ten acres of the undrilled portion of the premises for each well not completed, but it nowhere appears that it exercised or declared its option in release of its obligation. It was therefore within the contract right of appellees to demand money payment which being refused gave them a right of action. It is in evidence that appellees, on more than one occasion, informed appellant that they were claiming the two dollars a day payment, so if there was lack of diligence in asserting rights under the lease it was on the part of appellant in failing to surrender and release portions of the land under the ten acre provision. If conceded that appellant had the right in October to decide whether to pay two dollars a day or surrender ten acres of land, still, in order to avail itself of that right, it should at least have declared its option and tendered a release of the land. Whether appellees were, in October or thereafter, notified of appellant's purpose or desire to forfeit and release land in lieu of payment in money, is a disputed question un-

der conflicting evidence, and the jury have found adversely to appellant. We are not impressed by appellant's contention that the obligation to pay two dollars a day is to be treated merely as a penalty and not as agreed and liquidated damages, and that proof of actual damages must be made. We do not think this a reasonable construction of the contract, nor is it in accord with the manifest intention to be derived from a fair consideration of the entire contract and the purpose for which it was made. By the terms of the lease appellants secured and retained the exclusive right to the oil and gas supposed to be available by boring wells upon appellees' land, and for that it agreed to pay as rental one-sixth of the oil produced and one hundred dollars annually for each gas-producing well. And as a further consideration for the lease, appellant agreed to drill and complete at least four wells or, failing to do so within the time agreed upon, to pay two dollars a day for each well not completed, or cancel its lease *pro tanto* or altogether. Appellant could surrender the premises and cancel the lease and relieve itself from obligation at any time, but appellees had no such option, and it is fair to infer that both parties had in contemplation the payment of some rental for time beyond that required and allowed for development. The agreed compensation for delay is not to be regarded as a penalty. Whether it be called liquidated damages or rental, is not material for, within a reasonable construction of the contract, it may be either. There was no substantial error in the giving of instructions. The judgment will be affirmed.

*Affirmed.*