ARTHUR H. NICKERSON *vs.* EMMA L. BRIDGES & another.

Middlesex. December 5, 1913. — January 9, 1914.

Present: RUGG, C. J., LORING, BRALEY, & DE COURCY, JJ.

*Equity Jurisdiction,* Specific performance. *Contract,* Performance and breach. *Frauds, Statute of.*

In a suit in equity to enforce specific performance of an alleged contract for the sale and conveyance to the plaintiff of certain land, the following facts were found by the judge upon evidence warranting the findings: The plaintiff, accompanied by a real estate broker, interviewed the defendant in another State and offered $16,000 for the property, subject to a certain lease, the purchaser to pay all legal expenses involved in the transaction. The offer was not accepted then, and later the broker wrote the defendant a letter, stating that, "agreeable to your conversation" with the broker, the writer submitted an offer on behalf of the plaintiff of $16,000 "for your two lots . . . on A street, Cambridge, and in the rear, comprising" a certain area. The letter closed, "Kindly forward your formal acceptance at once in order that the necessary papers may be prepared." Five days after the interview the defendant wrote to the broker referring to the land by the same description as that used in the broker's letter, and stating that he "accepted the offer of $16,000" for the property, subject to the lease, "and to be free from all legal and other expenses." Enclosed with this letter was a personal letter to the plaintiff, referring to certain rights of way, and stating, "You will find the last description of all the property" in a certain deed which was fully described by reference to parties, date and book and page of record. The judge found that the reply to the broker's letter was intended to be and was an acceptance of the oral offer previously made by the plaintiff.

*Held*, that the judge's finding was warranted.  *Held, also,* that there was a sufficient memorandum signed by the defendant to satisfy the statute of frauds.

In a suit in equity against two women to enforce specific performance of a contract to sell certain land, the judge who heard the case found the following facts, on evidence warranting the findings: After oral negotiations in another State between the plaintiff, accompanied by his broker, and the defendants, in which an offer was made but was not accepted, the broker wrote to the defendants asking for an immediate reply.  Five days later one of the defendants, acting for herself and her sister, wrote a letter accepting the offer.  This defendant was seventy-two years old and was a "business woman of considerable experience."  The defendants for years had had agents where the property was situated who were well qualified to advise them.  The plaintiff had requested the defendants not to communicate to these agents either his or his broker's name, but nothing was said to prevent an investigation as to the price offered as compared to the market value of the land.  *Held,* that the circumstances did not require that a decree for specific performance should be refused.

BILL IN EQUITY, filed in the Superior Court on January 2, 1913, and afterwards amended, for the specific performance of an alleged agreement to sell and convey to the plaintiff certain real estate on Austin Street and in the rear of Austin Street in Cambridge.

The suit was heard by *Morton,* J., a commissioner having been appointed to take the evidence.  The judge found the following facts:

On December 23, 1912, in an interview at the defendants' home in Westfield, New Jersey, the plaintiff offered to purchase the property in question for $16,000, subject to a lease known as the Walker lease, and to pay all legal expenses involved in the transaction.  The offer was not accepted at that time.

On December 26, A. M. Stewart and Company, a real estate firm in Cambridge, who were acting as brokers for the plaintiff, wrote the defendants a letter reading as follows: "Dear Madam: Agreeable to your conversation with our Mr. Field we hereby submit in writing on behalf of Arthur H. Nickerson, our offer of $16,000 cash for your two lots of land on Austin Street, Cambridge, and in the rear, comprising about 20,500 square feet. Kindly forward your formal acceptance at once in order that the necessary papers may be prepared."

On December 28, the defendant Emma L. Bridges, acting for herself and as duly authorized agent for her sister, the other defendant, wrote to A. M. Stewart and Company a letter, which read as follows: "Gentlemen: For my sister, Eliza K. DeLamater and myself I accept the offer of Arthur H. Nickerson of $16,000,

for our two lots of land on Austin Street, Cambridge, and in the rear, comprising about 20,500 square feet. Such sale is made subject to the unexpired lease of 'Walker' for the stable property and to be free from all legal and other expenses. As we declined Mr. Nickerson's offer of the certified check for $100 to bind the bargain we trust that he will allow the same in acct. of your commission."

Enclosed in the foregoing letter was a letter, which was signed by the same defendant and addressed to the plaintiff personally and which contained some statements with regard to various rights of way and passageways, and the following statement: "You will find the last description of all the property you purchase in the Quit Claim deed given by Charles A. Kimball to my sister and me, dated September 9th, 1879, recorded Middlesex So. Dist. libro 1523, folio 344. This was drawn by a very careful lawyer and in it are named the three passageways with all his interests in them and rights of way."

The memorandum of the judge's findings continues as follows: "I find that the letter to A. M. Stewart and Company, of December 28, was intended to be and constituted an acceptance of the oral offer of December 23, and was not intended as and was not a counter offer which required a formal acceptance by the plaintiff to constitute a contract.

"I find, further, that there was no fraudulent statement made by the plaintiff or his broker to the defendants.

"There was evidence which indicated that the market value of the property was several thousand dollars in excess of the amount of the offer. The defendants have urged that it would be inequitable to decree specific performance under the circumstances in the case. The evidence does not warrant this conclusion. It is true that the plaintiff and his broker had more knowledge than the defendants did of the value of the property, and may have made some statements to them to the effect that the assessed value of the property, and all property of that nature, was in excess of its real value, a statement which I was not satisfied was untrue. If the defendants had been urged by the plaintiff and his broker to make a binding contract at once, there might have been some ground for the defendants' contention. But the defendant Emma L. Bridges, who principally conducted the negotiations, although

seventy-two years of age, was a business woman of considerable experience. The defendants had competent agents in Cambridge, who had handled the property for years and were well qualified to advise them. While it is true that the plaintiff requested them not to communicate the names of the plaintiff and his broker to these agents, there was nothing said or done to prevent the defendants from ascertaining, if they had so desired or thought that it was necessary, the market value of the property and its relation to the assessed value. They had five days before they accepted the offer in which to do this, and admittedly did nothing. No offer for the property which the defendants were inclined to accept had been made prior to this offer. There was nothing to show that there was any immediate prospect of selling the property at what was testified to as its market value.

"Equity does not in my opinion require under these circumstances that a decree for specific performance should be refused.

"The evidence showed that the defendants owned only two lots of land, containing 20,500 square feet, on Austin Street and in the rear, subject to a Walker lease for stable property. The identification of the property was sufficient to enable a decree for specific performance to be made. Such a decree should be made."

A final decree accordingly was entered for the plaintiff; and the defendants appealed.

*R. J. Lane*, for the defendants.

*H. F. R. Dolan*, for the plaintiff.

BRALEY, J. The plaintiff asks for specific performance of an alleged contract for the sale of the real property described in the bill, and after a decree in his favor the case is here on the defendants' appeal, with a report of the evidence taken by a commissioner. If not shown to be clearly erroneous the findings of fact by the trial judge will not be reversed, and the first question is whether an enforceable contract was consummated. The preliminary verbal negotiations instituted by the plaintiff, a resident of this jurisdiction, took place at the home of the defendants in another State, where, as the judge could find, a definite oral proposition to buy the land at an agreed price was finally made, and held for consideration by the vendors with the request that upon his return he would reduce the offer to writing and transmit it. The letter sent in his behalf by the firm of brokers, whose names he

had given to the defendants, and one of whom had accompanied him and was present at the interview, embodied the terms previously discussed, and which the parties seem to have understood as being satisfactory if a bargain was struck. It refers to the conversation, names the price, describes the land with the estimated area, and closes by requesting that the defendants forward their formal acceptance at once in order that the necessary papers may be prepared. The letter is not a final proposition of purchase. It is a statement of the oral agreement as requested. The letter in reply accepted the offer at the price named, with a description of the property, and also enclosed a letter to the plaintiff referring to some ancient deeds where certain rights of way of which he had spoken were mentioned.

The purpose of this correspondence and the intention of the parties were questions of fact. The judge's conclusion that the defendants' reply to the brokers was an acceptance of the oral bargain, with its terms of sale, is in accordance with the view which he properly could take of the testimony, in the light of which the correspondence must be read.

It is urged by the defendants, that, if this is the true interpretation, the oral offer was too indefinite and uncertain to form the basis of a contract for the sale of real property and there is no sufficient memorandum to satisfy the provisions of the R. L. c. 74, § 1, cl. 4, 5. But the land had been identified by a sufficient description, the price agreed upon, and the direct trend of all the evidence shows it was to be paid upon delivery of the deed. If at the interview the oral agreement had been put in writing and signed, the contract would have been binding on the parties. *Sanborn* v. *Flagler*, 9 Allen, 474. *Hurley* v. *Brown*, 98 Mass. 545. *Gowen* v. *Klous*, 101 Mass. 449, 454. *Mead* v. *Parker*, 115 Mass. 413. A reasonable time would have been understood if the memorandum had failed to fix the period of fulfilment. By their subsequent dealings they became bound as effectually. *Atwood* v. *Cobb*, 16 Pick. 227. The letters, even if written after the plaintiff returned home, all related to the oral contract, and may be used unitedly to form a sufficient memorandum under the statute. *Nickerson* v. *Weld*, 204 Mass. 346 and cases cited. The assent of the parties being certain, and the contract as finally expressed within its requirements, the subsequent telegram and letter of

the defendants declining performance, and asking to be released, did not abrogate the plaintiff's right to the full benefit of the agreement either in equity for specific performance, or by an action at law for damages. *O'Brien* v. *Boland,* 166 Mass. 481, 483. *Barrie* v. *Quinby,* 206 Mass. 259. The filing of the bill and tender of the price were sufficient notice to the defendants that he insisted upon performance, and as they signed the agreement, it is no defense under the statute that the plaintiff did not. *Old Colony Railroad* v. *Evans,* 6 Gray, 25.

It is contended lastly, that to decree relief would be inequitable. The plaintiff even if he has acted promptly cannot demand as of strict right, that the contract shall be specifically performed. The prayer for such relief is addressed to the sound discretion of the court, as are the requests for most equitable remedies. *Banaghan* v. *Malaney,* 200 Mass. 46. Where the party to be charged has been overreached, or great hardship may be entailed, the court will exercise its discretion to prevent oppression and injustice, and this form of relief will be refused, although the bill, if the plaintiff desires, may be retained for the assessment of damages, rather than to remit him to his remedy at law. *Seton* v. *Slade,* 2 White & Tudor's Lead. Cas. in Eq. (4th Am. ed.) 513, 526. *American Stay Co.* v. *Delaney,* 211 Mass. 229. The evidence as to the market value of the land was conflicting. Undoubtedly the plaintiff sought to obtain it as cheaply as possible, and he and his brokers were better acquainted with its value than the vendors. But the judge has found that one of the defendants, who acted for herself and her sister the co-defendant, while advanced in years, was a business woman of experience, familiar with the location and the valuation made by the assessors of taxes. The bargain, moreover, was not entered into precipitately under pressure of the plaintiff's presence and urgency, nor were the defendants ignorant of their legal rights. During a period of five days, as he further finds, they could have made inquiries and obtained information and advice, as to whether the price offered ought to be accepted. It cannot be said under these conditions, that the difference was so grossly inadequate as to lead to the inference of constructive fraud by the plaintiff, or of mistake in the making of the contract. *New England Trust Co.* v. *Abbott,* 162 Mass. 148, 155.

We perceive no error in the rulings which rested on the findings,

and in accordance with what has been said the decree must be affirmed with costs.

*Ordered accordingly.*