RICHARD P. EATON *vs.* MAX SIMCOVITZ.

Hampden.    September 22, 1921. — October 11, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Contract*, Construction, Performance and breach.   *Frauds, Statute of.*

An oral agreement by an owner of real estate with a real estate broker, that if
the broker would procure an exchange of his real estate for a sum of money
and three other parcels of real estate, he would deed to the broker the real estate
received in exchange or pay him its value, is an alternative agreement, and if,
after the consummation of the exchange, the owner sells one of the three parcels
received by him and permits mortgages on the other two to be foreclosed, it
could be found that he elected to be bound by the alternative to pay to the
broker the value of the three parcels in money, in which case the broker could
maintain against him an action therefor, to which the statute of frauds would
not be a bar.

CONTRACT, the declaration alleging in substance that the plain-
tiff and the defendant entered into a verbal agreement whereby
the "defendant employed the plaintiff to negotiate the exchange
of certain real estate . . . in Springfield, owned by the defendant,
for $2,000 cash and three certain parcels of real estate situated . . .
in said Springfield . . . South Hadley and . . . Longmeadow
. . . and in consideration of the agreement on the part of said
plaintiff to be performed the defendant agreed to convey to the
plaintiff said three parcels of land . . . or the value thereof; . . .
said defendant to retain the sum of $2,000. And in consideration
of the premises, the plaintiff negotiated the said exchange and
did thereupon spend a large amount of time and labor in so doing.
And the plaintiff says that he has duly performed all the conditions
of said agreement on his part to be performed and effected the
exchange of said estates; and the defendant did then and there
become obligated to convey said three parcels of land or to pay
the value thereof; that said three parcels of land are worth $3,000,
wherefore the defendant owes the plaintiff said sum."    Writ
dated June 16, 1919.

The answer included an allegation that the action was barred
by the statute of frauds.

In the Superior Court, the action was tried before *Raymond,* J. There was evidence in the testimony of the plaintiff that the agreement between the parties was that, if the defendant did not convey to the plaintiff the three parcels described in the declaration, he, the defendant, would give the plaintiff "what they were worth." Other material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*G. D. Cummings, G. F. Leary & P. E. Tierney,* for the plaintiff.
*W. G. Brownson,* for the defendant.

DE COURCY, J. The plaintiff, a real estate broker, undertook to procure an exchange for a block in Springfield, owned by the defendant. He finally brought a proposition whereby the defendant would obtain three parcels of real estate and $2,000 in cash for the equity in his property. There was evidence on which the jury could find that the defendant orally agreed that if the exchange should be negotiated, he would retain the $2,000, and would deed to the plaintiff the land in question, or pay him the value of it. The plaintiff did procure the exchange. The $2,000 was paid to the defendant, and the three lots were conveyed to him. Subsequently the defendant sold and conveyed one of the lots to a third person, and the mortgages on the other two were foreclosed. At the trial there was evidence of the value of these parcels. At the conclusion of the plaintiff's case the trial judge directed a verdict for the defendant.

The sole question before us is whether the statute of frauds precludes the plaintiff from recovering on said alleged oral agreement. Admittedly the promise to convey to the plaintiff the three parcels received by the defendant could not be enforced, by reason of that statute. If the contract was an entire one, inasmuch as part is within the statute, the contract is unenforceable as a whole, and neither party can be required to perform part. *Gould* v. *Mansfield,* 103 Mass. 408. 8 Ann. Cas. 963 note. Apparently it was not a divisible single contract, within the proper meaning of "divisible," where on performance on one side of each of its successive divisions, the other party becomes indebted for the agreed price of the division. Williston on Contracts, § 861. *Barrie* v. *Earle,* 143 Mass. 1. *Hurley* v. *Donovan,* 182 Mass. 64.

In our opinion the proper interpretation of the contract, as testified to by the plaintiff, is that it was an alternative one, containing two separate promises, one of which is not within the statute of frauds. The defendant had the option to give the plaintiff a deed of the three parcels of real estate, or to pay him a certain sum of money. This payment of money was not a penalty, or liquidated damages for failure to convey the real estate. *Smith v. Bergengren,* 153 Mass. 236. And it could be found that he elected to be bound by the alternative to pay the money, as he voluntarily disposed of one of the lots and allowed his title to the others to be lost by the foreclosure of the mortgages on them. This alternative is not within the statute of frauds, and can be enforced. *Smith v. Bergengren, supra. Standard Button Fastening Co. v. Breed,* 163 Mass. 10. *Glynn v. Moran,* 174 Mass. 233, 236. *Couch v. Meeker,* 2 Conn. 302. *Deverill v. Burnell,* L. R. 8 C. P. 475. *Mercier v. Campbell,* 14 Ont. L. R. 639. *Steel v. Peoples Oil & Gas Co.* 147 Ill. App. 133. *Missouri Edison Electric Co. v. Steinberg Hat & Fur Co.* 94 Mo. App. 543. See *Zwicker v. Gardner,* 213 Mass. 95.

As there was evidence entitling the plaintiff to go to the jury, the exceptions must be sustained; and it is

*So ordered.*