MARY T. GRENNAN *vs.* MURRAY-MILLER COMPANY & others.

Suffolk.    January 2, 1923. — March 3, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant*, Construction of lease. *Damages*, For breach of lease. *Equity Jurisdiction*, Specific performance, Damages.

Where by a lease there were demised several floors of a building "as they now are, subject to alterations and repairs to be made by the lessor which alterations and repairs are more fully set forth in the memorandum of alterations and repairs hereto attached," and the memorandum annexed to the lease specifies certain alterations and repairs, the premises for which the rent stipulated was to be paid were the premises described in the granting clause, including the alterations and additions as if they had been specifically named.

A suit in equity for specific performance, brought by the lessee upon the failure of the lessor to make certain alterations stated in the memorandum annexed to the lease above described, upon specific performance being denied, was retained for the assessment of money damages.

The measure of the damages to which the lessee is entitled for the breaches of the agreement by the lessor above described is not the amount which the lessee would have to expend in making the omitted alterations, but is the difference between the rent reserved and the actual value of the term.

BILL IN EQUITY, filed in the Superior Court on December 29, 1920, by the lessor against the lessee and guarantors of a lease of real estate, for a reformation of the lease. Also, a

CROSS BILL IN EQUITY, filed in the Superior Court by leave on March 17, 1921, and afterwards amended, by the lessee against the lessor and one Ira W. Shapira, who had guaranteed performance by the lessor, seeking specific performance of an agreement as to repairs and alterations, with a prayer for general relief.

In the Superior Court, the suit was referred to a master. Material findings by the master are described in the opinion. Exceptions by the plaintiff to the master's report were heard by *Sisk*, J., by whose order there were entered an interlocutory decree overruling the exceptions and confirming the report, and a final decree dismissing the bill and, upon the cross bill, a direction "that judgment be entered for the Murray-Miller Company in the sum of $750 against the defendants Mary T. Grennan and Ira W. Shapira, and that execution issue therefor."

The plaintiff and Shapira appealed only from the final decree, and, in their brief before this court, stated: "The only questions raised by the appeal are whether on the findings of the master the court was justified in finding that the damages suffered by the Murray-Miller Company were $750 and in ordering judgment for that amount, and what the final decree should be so far as it relates to the cross bill."

The case was submitted on briefs.

*S. Sigilman*, for the plaintiff.

*P. Glunts & C. J. Miller*, for the defendants.

BRALEY, J. The findings of the master on unreported evidence having conclusively shown that the allegations of mutual mistake on which the plaintiff, the lessor, sought reformation of the lease in question cannot be sustained, the original bill was dismissed rightly, leaving for our consideration the question whether the decree awarding damages to the plaintiff, the lessee, on the cross bill, should be sustained.

The lease recited that the defendant, the lessor, "does hereby demise and lease unto the said lessee all the floors in the building . . . above the stores, meaning and intending hereby to demise and lease the second, third, fourth and fifth floors of said building as they now are, subject to alterations and repairs to be made by the lessor, which alterations and repairs are more fully set forth in the memorandum of alterations and repairs hereto attached." The memorandum thus incorporated and

made part of the lease required the lessor to remove on the second floor the "partition in right half of demised premises." The third floor was to be changed by the removal of all "inside partitions," the windows altered and "Break wall on left hand side of building from entrance on Washington St. for installation of four windows." The partitions on the fourth floor also were to be removed, the balcony floor extended the entire length and width of the building "so as to divide the entire fourth floor into two floors, the ceiling of the extension to be built one foot higher than the ceiling of the present balcony." The windows were to be remodelled "to conform to new alterations on this floor, and break wall in left hand of building, same as on the third floor, for the purpose of putting in four windows." The floors were "to be wired for electricity by lessor, with sockets for lights at places directed by lessee; and the walls on all floors to be painted white throughout the leased premises." In the rear of the building near the passageway freight elevators were to be built to run "to all floors in said building. The elevators shall carry weight of twenty-nine hundred fifty . . . pounds and to be 6 x 9 feet in size, and shall be run by electricity. Sufficient radiation, so as to furnish at least 60 degrees of heat in zero weather, to be installed on all floors" while in the attic two new windows were to be put in and "the old ones to be repaired. All ceilings to be painted white." The master states that "in fact most of the alterations would be indispensable to the full enjoyment of these premises" by the lessee. The defendant, while admitting the agreement, avers that its requirements have been waived. But the question of waiver is one of fact, and the master's finding that waiver had not been established is final. The defendant provided the elevators, the electric wiring, and heating apparatus, but she has not supplied the windows on the third and fourth floors, nor painted some of the ceilings, nor removed the partition on the second floor. The term is for five years beginning August 1, 1920, with an option of renewal for a further period of five years at a "yearly rental of three thousand dollars," and the lessee duly entered and has remained in possession. The lessor, however, has not fully performed his covenant, as some of the alterations have not been made. The suit is for specific performance. But, if specific

performance is denied, the bill can be retained for the assessment of money damages, as in the case at bar. *Nickerson v. Bridges,* 216 Mass. 416, 421. *Wentworth v. Manhattan Market Co.* 218 Mass. 91. The master found on conflicting evidence that the fair cost of making the omitted alterations "would be $750," and this amount was awarded the plaintiff. The intention of the parties is to be gathered from the instrument and not from a single clause. "The grant of anything carries an implication, that the grantee shall have all that is necessary to the enjoyment of the grant, so far as the grantor has power to give it." *Salisbury v. Andrews,* 19 Pick. 250, 255. *Cumings v. Hackett,* 98 Mass. 51. *Shaw v. Appleton,* 161 Mass. 313, 315. The premises for which the rent stipulated was to be paid were the premises described in the granting clause, including the alterations and additions as if they had been specifically named. *Lipsky v. Heller,* 199 Mass. 310. The lessee was under no duty to supply the changes the lessor had omitted. It could however have done so and recovered the actual expense. It also could remain inactive and bring an action for damages. *Winne v. Kelley,* 34 Iowa, 339, 341. *Biggs v. McCurley,* 76 Md. 409, 414. *Bostwick v. Losey,* 67 Mich. 554. *Myers v. Burns,* 35 N. Y. 269. *Irwin v. Nolde,* 176 Penn. St. 594, 602. See *Miles v. Janvrin,* 200 Mass. 514, 516. But the measure of recovery for the defendant's breach is not the amount the lessee would have to expend as found by the master and decreed by the court. It is the difference between the rent reserved and the actual value of the term. *Neal v. Jefferson,* 212 Mass. 517, 522. *Arafe v. Howe,* 228 Mass. 46, 52. *Myers v. Burns,* 35 N. Y. 269. *Thomson-Houston Electric Co.* v. *Durant Land Improvement Co.* 144 N. Y. 34, 47. *Irwin v. Nolde,* 176 Penn. St. 594, 602. The decree dismissing the original bill is affirmed, but the decree on the cross bill is reversed and the case is to stand for further proceedings in the trial court not inconsistent with this opinion.

*Ordered accordingly.*