Municipal Court of the City of Boston

No. 407380

## LILLIAN O'CONNELL

### v.

## HARRY SPIEGEL

(June 8 — June 21, 1956)

*Adlow, C. J.* Action of contract or tort to recover for personal injuries sustained by a fall on premises rented by the defendant to the plaintiff. Count 1 is in contract and alleges that the plaintiff was injured by reason of the defendant's failure to make certain repairs which he agreed to make as part of the rental agreement. In Count 2 the plaintiff claims that she was injured by reason of the negligence of the defendant in permitting a dangerous condition to exist on the premises occupied by the plaintiff.

*There was evidence that* on October 30, 1954 the plaintiff visited the house which the defendant owned with a view to renting it. It was a single family house consisting of three floors and a basement. The plaintiff informed the defendant that if he would agree to make certain repairs she would rent the house. On the strength of his promise to make the repairs she hired the place at a rental of thirteen

dollars per week. One of the things that the defendant promised to repair was the staircase which led from the first floor to the basement. The plaintiff and her husband moved into the house on November 4, 1954. Everything had been repaired as promised except the staircase leading to the basement, and although the defendant, when reminded of it later, promised to take care of it, he never did. On December 29, 1954 while going to the basement the plaintiff fell on the staircase and was injured. The steps were in the same condition at the time of the accident as they were at the time of the renting.

On these facts the court properly ruled that the plaintiff could not recover on her count in tort, but could only establish her right of action on her count in contract. This right was predicated on the landlord's failure to repair the stairs as he had agreed at the time of the creation of the tenancy. *Fiorntino v. Mason*, 233 Mass. 451. The sole issue presented by this report concerns the propriety of the judge's refusal to rule, as requested by the defendant, that the plaintiff could not recover on her contract count for any more than the reasonable cost of making the repairs which the defendant had promised.

In relationships such as that in issue the right to recover for personal injuries does not derive from the failure to perform an agreement to repair, but from the fact that one who has made an agreement to repair, has made the repairs, and made them negligently. *Shute v. Bills*, 191 Mass. 433, 437; *Miles v. Janvrin*, 196 Mass. 431, 439. In other words, negligent performance of the promise to repair is an indispensible prerequisite to a tenant's right to recover for personal injuries. Had this element been present in the case, there would have been ample evidence to support the plaintiff's count in tort. Unfortunately for the plaintiff it was not. There could not be a negligent performance where there had been no performance at all. It follows that the plaintiff is limited to whatever rights accrue to her from the failure of

the defendant to do anything with respect to his promise to repair. To what is she entitled on this account?

In *Miles v. Janvrin*, 200 Mass. 514, at 516 the court in referring to a situation such as that now under review said: "If the landlord fails to do the work, it leaves him liable only for such damages as are the direct result of his breach of contract. This ordinarily would be only the cost of making the repairs. The tenant in such a case is not relieved of the duty of looking out for himself as to the safety of the premises, and refraining from using them if the use would be perilous by the reason of the failure of the landlord to do the work." In *Little v. Gilbert Manufacturing Company*, 145 Mass. 169, it was held that the liability of a landlord for his failure to make repairs promised by him would be no greater than that of a carpenter who had agreed to do work and had not performed. In *Fiorntino v. Mason*, 233 Mass. 451, at 453 the court stated that "Failure to comply with such an agreement gives rise merely to a right of action for breach of contract where the damages commonly are the cost of making repairs." *Grennan v. Murray-Miller Co.*, 244 Mass. 336; *Daniels v. Cohen*, 249 Mass. 362; *Williston on Contracts* (Rev. Ed.) §1404.

It is clear that the court erred in awarding the plaintiff damages for personal injuries on her contract claim. In view of the complete absence in the report of any evidence indicating that the promised repairs had been made by the plaintiff, she becomes entitled to no more than nominal damages under her contract count.

*Finding for the plaintiff in the amount of $800 to be vacated. Finding to be entered for the plaintiff on her contract count in the amount of $1.00.*

Charles J. Abizaid, for the plaintiff.

Brier and Young, for the defendant.