*Municipal Court of the City of Boston*

No. 443351

**JOSEPH FINN**
**d-b-a JOSEPH FINN CO.**

**v.**

**MASSACHUSETTS LAND CORPORATION**

(December 19, 1958 — May 20, 1959)

*Present:* Lewiton, J. (Presiding), Roberts and Shamon, JJ.

Case tried to *Gillen, J.*

*Roberts, J.* This is an action of contract to recover damages for breach of a written agreement. The answer is a general denial and an allegation that the said agreement was cancelled with the consent of the plaintiff.

*At the trial, there was evidence that* on October 10, 1956, the plaintiff and the defendant executed a written agreement by the terms of which the plaintiff, as auctioneer, was to conduct a public auction on October 17, 1956 of real estate owned by the defendant, and was to receive therefor a commission of 5% of the gross sales price, plus advertising costs. Paragraph 4 of the said agreement provided that:

> "The parties hereto agree that if for any reason, not due to the fault of the auctioneer, a sale is not made, the compensation of the auctioneer shall be One Hundred Fifty Dollars ($150.00) plus reimbursement of the aforementioned costs of advertising."

Shortly thereafter and before October 17th, the defendant attempted to cancel the contract and notified the plaintiff accordingly. The trial court found that the plaintiff did

not assent to a termination or cancellation of the contract by the defendant and at no time waived or released any rights against the defendant. The plaintiff did not incur any costs of advertising in connection with the contract, but he was at all times ready, willing and able to perform.

The defendant employed another auctioneer who sold the property at auction for $17,000.00, the value of the property and the price at which it would have been sold by the plaintiff.

The defendant made the following requests for rulings on which the court acted as indicated:

"17. If you find for the plaintiff, then the damages recoverable by the plaintiff are limited to the amount of One Hundred Fifty dollars ($150) plus costs of advertising actually incurred by the plaintiff in accordance with the provisions contained in Paragraph 4 of the agreement dated October 10, 1956. *Denied.*

18. If you find that the defendant breached the agreement dated October 10, 1956, then the plaintiff cannot recover more than the amount set forth in Paragraph 4 of said agreement. *Denied.*

19. The provisions of paragraph 4 of the agreement dated October 10, 1956, grant to the defendant the right to cancel said agreement at any time, and the liquidated amounts set forth in paragraph 4 are controlling on the question of damages. *Denied.*"

The court found for the plaintiff in the sum of $850.00.

It is the contention of the defendant that under the provisions of paragraph 4 of its contract it had the right to terminate the

services of the plaintiff and that under the circumstances its responsibility to the plaintiff should be limited to the sum of $150. The trial justice did not adopt this theory and ruled there was a wilful breach, and found for the plaintiff on that basis.

The effect of the defendant's argument is that under the written agreement the defendant was given the right of alternative performance. It could elect to hold the plaintiff to his obligation to sell at public auctions and receive a stated commission or to call off the deal under Paragraph 4 and pay the plaintiff the sum of $150 as liquidated damages. We cannot agree with this contention.

It is well settled that "a written contract, so far as reasonably practicable, should be given a construction that will make it a rational business instrument and will effectuate what appears to have been the intention of the parties." *Waldo Bros. Co. v. Platt Contracting Co., Inc.,* 305 Mass. 349, 355; *Berkal v. M. DeMatteo Construction Co.,* 327 Mass. 329, 333.

In ascertaining what the parties intended, resort may be had to the language of the parties, the subject matter and the accompanying circumstances. *Barrows v. Fuller,* 253 Mass. 79; *Zembler v. Fitzgerald,* 234 Mass. 236, 244; *Batchelder & Co., Inc. v. Batchelder,* 220 Mass. 42. The contract must be construed so as to give it a reasonable effect. *Smith v. Vose & Sons Piano Co.,* 194 Mass. 193, and be in harmony with law and justice. *Wentworth v. Manhattan Market*

*Co.*, 218 Mass. 91. The words of paragraph 4 are clear and unambiguous and must be construed in their usual and ordinary sense. *Ober v. National Casualty Co.*, 318 Mass. 27, 30. "The intent of the parties must be gathered from fair construction of the contract as a whole and not by special emphasis on any one part." *Crimmins & Peirce Co. v. Kidder Peabody Acceptance Corp.*, 282 Mass. 367, 375.

We are of the opinion that paragraph 4 .does not inure to the benefit of the defendant who wilfully prevented a sale of the property in question by the plaintiff. Rather we interpret this clause as encompassing that situation wherein the auctioneer was permitted to make every effort to effectuate the purposes of this agreement, but in spite of this was unable to secure a buyer and to consummate a sale. In such an event, he would then be entitled to compensation at the rate provided in paragraph 4.

Nor do we interpret paragraph 4 as a liquidated damages clause whereby the parties might have agreed to limit damages caused by the breach of one. Of course, such an agreement, if reasonable, would be legal and clearly enforceable, *Garst v. Harris*, 177 Mass. 72; *Putnam Machine Co. v. Mustakangas*, 236 Mass. 376, but paragraph 4 considered in the context in which it appears does not contemplate a wilful breach by either party, but rather envisions compensation to the auctioneer who, through no fault of his own, is unable to consummate a sale,

after having been given the opportunity so to do. *Crimmins & Peirce v. Kidder Peabody Acceptance Corp.,* 282 Mass. 367-375.

*Report dismissed.*

*Roland E. Shaine* of Boston, Attorney for the Plaintiff cited: As to the meaning of the contract— *Ferguson v. Union Mut. L. Ins. Co.,* 187 Mass. 8, 10, 14; *Eaton v. Smith,* 20 Pick. 150, 157; and as to contention that the contract did not provide for alternative performance nor for liquidated damages— *W. U. Tel. Co. v. Nester,* 309 US 582, 588, 589; *De la Falaise v. Gaumont British Picture Corp., Ltd.,* 39 Calif. App. 2d 461, 469; *Payne v. Pathe Studios, Inc.,* 6 Calif. App. 2d 136, 140, 141; *Hall v. Hardaker,* 61 Fla. 267; *Kane v. Roxy Theatres Corp.,* 65 F2d 324, 325, 326; *Wernick v. W. U. Tel. Co.,* 290 Ill. App. 569, 573, 574; *Rigs v. Sokol,* 318 Mass. 337, 343; *Factory Realty Corp. v. Corbin-Holmes Shoe Co.,* 312 Mass. 325, 331 (Words "liquidated damages" not so construed); *Eaton v. Simcovitz,* 239 Mass. 569; 3 Williston (Rev. ed.) §776.

*Marshall Simonds* of Boston, Attorney for the Defendant cited: As to meaning of contract—*Zarum v. Brass Mill Materials Corp.,* 334 Mass. 81, 84; *Hagerty v. Myers,* 333 Mass. 387, 388; *Winchell v. Plywood Corp.,* 324 Mass. 171, 180, 181; and as to contention that contract did provide for alternative performance and liquidated damages—*A. Z. Servicenter, Inc. v. Segall,* 334 Mass. 672, 675; *Acker v. Rittenberg,* 255 Mass. 599; *Eaton v. Simcovitz,* 239 Mass. 569; *Garst v. Harris,* 177 Mass. 72, 74; *Glynn v. Moran,* 174 Mass. 233; *Smith v. Bergengren,* 153 Mass. 236; Restatement, CONTRACTS, §§325, 339, 344; Williston, CONTRACTS, §781.