JOSEPH PALMBAUM *vs.* ABRAHAM M. MAGULSKY.

Suffolk.  January 14, 1914. — March 31, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Corporation*, Duty of stockholders.  *Contract*, Validity.  *Bills and Notes*.

A stockholder in a corporation when voting at a stockholders' meeting owes to his fellow stockholders the duty of acting fairly and in good faith.

If a stockholder in a corporation, all the shares of which are held by himself and two other persons, is the maker of a promissory note held by one of the other stockholders, and, in consideration of a promise of such other stockholder to surrender the note, agrees to vote with such stockholder to dispose of all the assets of the corporation without the consent of the third stockholder, such agreement is void as against public policy, and the performance of such illegal contract by the maker of the note cannot be set up by him as a defense to an action on the note.

CONTRACT on a promissory note for $700, signed by the defendant and payable to the plaintiff, dated September 28, 1908, and reciting the deposit as collateral security of seven shares of the capital stock of the American Biscuit Company.  Writ in the Municipal Court of the City of Boston, dated November 5, 1912.

The material allegations contained in the answer are described in the opinion.

On removal to the Superior Court the case was tried before *Bell*, J.  The evidence is described in the opinion.  The plaintiff, as there stated, asked for nine rulings, the last four of which were made by the judge.  The plaintiff waived his request for the second ruling and the third was held by this court to have been made in substance by the judge.  The other rulings asked for by the plaintiff were as follows:

" 1. That upon all the evidence the plaintiff is entitled to a verdict."

" 4. It is the duty of every stockholder of a corporation to attend the stockholders' meetings and to vote in accordance with his best judgment, and an agreement to vote in a certain way for a private reward constitutes no consideration.

" 5. It is the duty of every stockholder of a corporation to

attend stockholders' meetings and to vote in accordance with his best judgment, and an agreement to vote in a certain way for a private reward is void as against public policy."

The judge refused to make either of these rulings, and instructed the jury that the agreement relied upon by the defendant, if proved, constituted a defense to the action. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*H. Bergson*, for the plaintiff.

*R. D. H. Emerson*, for the defendant.

CROSBY, J. This is an action of contract upon a promissory note executed and delivered by the defendant to the plaintiff for money advanced by him (the plaintiff) to the defendant, with which he (the defendant) purchased certain shares of stock in a corporation known as the American Biscuit Company, in which the plaintiff and one Hoffman were also shareholders. The stock so purchased by the defendant was held by the plaintiff by assignment to secure the payment of the note.

It appeared at the trial that about two years after the note was given the defendant agreed with the plaintiff, in consideration of the plaintiff's promise to surrender the note, to attend a stockholders' meeting of the corporation and vote with the plaintiff to dispose of all the assets of the corporation which, according to the report, amounted to several thousand dollars. Among other defenses in his answer and amended answer, the defendant alleged that he had performed his part of the foregoing agreement. The exceptions set forth substantially all the evidence introduced at the trial, from which it appears that the defendant is liable upon the note, unless his performance of the agreement is a valid defense.

The defendant testified to the making of the agreement and that he had carried out his part thereof, and offered other evidence to the same effect. There was no evidence that the only other stockholder, Hoffman, assented to the agreement or had any knowledge of it. The plaintiff, when asked by the defendant for the note, said that it was in the hands of his attorney, and, when asked again for it, said that it was lost.

At the close of the evidence the plaintiff asked the judge to make nine rulings, the sixth, seventh, eighth and ninth of which were given. The second request was waived. The third was cov-

ered substantially by the ninth, which was given. The fourth and fifth requests could not have been given in the form presented.

The judge instructed the jury that the agreement, if proved, constituted a defense to the action, to which the plaintiff excepted.

In our opinion the judge should have ruled that the agreement was not a defense, and should have instructed the jury to return a verdict for the plaintiff in accordance with his first request.

It is the duty of a stockholder of a corporation, in attendance at meetings of the stockholders, to act fairly and in good faith. He is not justified in entering into any agreement to vote so as to perpetrate a fraud upon another stockholder. The defendant's vote to dispose of all the assets of the corporation was in consideration of the surrender of the note to him by the plaintiff. This was illegal, and the agreement was void as against public policy.

As was said by Colt, J., in *Guernsey* v. *Cook,* 120 Mass. 501, 502: "It was the purpose and effect of the contract to influence the defendant, in the decision of a question affecting the private rights of others, by considerations foreign to those rights. The promisee was placed under direct inducement to disregard his duties to other members of the corporation, who had a right to demand his disinterested action in the selection of suitable officers. He was in a relation of trust and confidence, which required him to look only to the best interest of the whole, uninfluenced by private gain. The contract operated as a fraud upon his associates." The contract in the case now before us operated as a fraud upon Hoffman.

Where an agreement is made which is either contrary to public policy or fraudulent as to third parties, it will not be enforced, although in the particular instance no injury may have resulted. *Gibbs* v. *Smith,* 115 Mass. 592.

In the case of *Woodruff* v. *Wentworth,* 133 Mass. 309, this court held that the agreement of a stockholder in a private business corporation, to vote for a certain person as manager, and to vote to increase the salaries of the officers including that of the manager, was void as against public policy, unless it was consented to by all the stockholders of the corporation.

In the case at bar the agreement of the defendant to vote to dispose of all the assets of the corporation without the knowledge

or assent of Hoffman was a corrupt bargain and unlawful, and cannot be availed of by him as a defense to the note. See *West v. Camden,* 135 U. S. 507; *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 198, 199; *North-West Transportation Co., Ltd.* v. *Beatty,* 12 App. Cas. 589; *Costello* v. *London General Omnibus Co.* 107 L. T. R. 575.

The exceptions should be sustained; and, as substantially all the evidence in the case is before us and as it appears therefrom that there was no defense to the note, judgment should be entered for the plaintiff under St. 1909, c. 236.

*So ordered.* .