GRACE P. FRENCH *vs.* W. BRUCE PIRNIE.

Suffolk.　November 30, 1921. — March 2, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Landlord and Tenant*, Covenant as to repair. *Words*, "Unavoidable casualties."

The freezing on December 23, 1919, of a small water pipe leading to the expansion tank in an attic of a hot water heating system, which caused the bursting of the heater with consequent damage to the premises, does not come within the term, "unavoidable casualties," in a lease of a house in Watertown containing covenants that the lessee would "quit and deliver up the premises to the Lessor, her attorney, peaceably and quietly, at the end of the term, in as good order and condition, reasonable use and wearing thereof, fire and other unavoidable casualties excepted, as the same now are, or may be put into by the Lessor," and "that in case the premises, or any part thereof during said term, be destroyed or damaged by fire or other unavoidable casualty so that the same shall be thereby rendered unfit for use and habitation . . . the rent . . . reserved, or a just and proportional part thereof . . . shall be suspended or abated until the said premises shall have been put in proper condition for use and habitation by the said Lessor;" and the lessee is not entitled to any abatement of his rent by reason of the expense of repairs, which became necessary because of the bursting of the heater and which he made after the lessor had refused to make them, nor to reimbursement by the lessor for such expense.

CONTRACT for $350, rent alleged to be due under the provisions of a lease of a house and land in Watertown by the plaintiff to the defendant, and for damages alleged to have resulted from other breaches of the lease described in the opinion. Writ in the Municipal Court of the City of Boston dated September 23, 1920.

The defendant filed a declaration in set-off, described in the opinion.

On removal to the Superior Court, the action was tried before *Morton,* J. Material evidence, rulings and instructions made by the judge and exceptions saved by the defendant are described in the opinion. The jury found for the plaintiff in the sum of $426.30; and, by order of the judge, for the plaintiff (defendant in set-off) on the declaration in set-off. The defendant alleged exceptions.

*B. W. Reed,* for the defendant.

*J. G. Bryer,* for the plaintiff.

CROSBY, J. The plaintiff seeks to recover rent due, under the terms of a written lease from her to the defendant, and damages for injury to the leased premises caused by the defendant's alleged

carelessness and neglect in allowing the hot water heater to become frozen and to burst on December 23, 1919, as a result of which water ran over the walls and ceilings. The defendant filed a declaration in set-off, alleging that the premises became uninhabitable owing to the bursting of the heater; that he made repairs upon it and also made other necessary repairs after he had notified the plaintiff to put the premises in proper condition for use and occupation, in accordance with the terms of the lease; and that the plaintiff refused to make such repairs.

The defendant testified "that the heater was not frozen, but that a small pipe in the attic leading to the expansion tank was frozen, owing to the extreme cold, in spite of the fact that the house was normally warm, and that the water rose in the pipes as the heater which he had just stoked, grew hotter, until it reached the frozen pipe, when the heater burst from pressure. He further testified that the plaintiff came to the house and that he explained the accident to her, and requested her to repair the heater and that she refused to do so, giving as reason that the accident was due to his negligence in not keeping a sufficient fire in the heater."

The lease contained the usual covenants that the lessee would "quit and deliver up the premises to the Lessor, her attorney, peaceably and quietly, at the end of the term, in as good order and condition, reasonable use and wearing thereof, fire and other unavoidable casualties excepted, as the same now are, or may be put into by the Lessor," and "that in case the premises; or any part thereof during said term, be destroyed or damaged by fire or other unavoidable casualty so that the same shall be thereby rendered unfit for use and habitation . . . the rent . . . reserved, or a just and proportional part thereof . . . shall be suspended or abated until the said premises shall have been put in proper condition for use and habitation by the said Lessor." The presiding judge stated "that although the freezing of the pipe in the attic and the subsequent bursting of the heater was not in his opinion due to any negligence on the part of the defendant, that the freezing of the pipes in the attic was not 'other unavoidable casualty' within the meaning of the lease; that under the lease the defendant was bound to foresee and prevent the accident by wrapping the pipe or heating the attic; and that therefore no proportion of the rent could be abated." There-

arter he submitted to the jury the question whether there had been a waiver of the lease by the plaintiff, and instructed them that the unpaid rent was due without any abatement because of repairs made by the defendant, and directed a verdict for the plaintiff on the defendant's declaration in set-off; to which instructions and direction the defendant excepted.

By the terms of the lease the defendant was bound to deliver up the premises in as good order and condition, reasonable use and wearing thereof, fire and other unavoidable casualties excepted, at the end of the term as they were in when the tenancy began, or were put into by the lessor. There was no contention that the damages complained of were the result of reasonable use and wear; and as they were not caused by fire, the question remains whether the freezing of the pipe followed by the bursting of the heater was "unavoidable casualties" within the meaning of that phrase in the lease. We are of opinion that the occurrence was not of that extraordinary and unusual character which was beyond human control, and that it stands differently than damage to the premises caused by lightning, flood, cyclone, earthquake or other agencies that no human power can control or prevent.

*Welles* v. *Castles*, 3 Gray, 323, was an action to recover rent reserved in a written lease of a shop. The lease contained covenants substantially identical with those above quoted. The lessee, who occupied the premises during the entire term, contended that he was relieved from the payment of rent because during the term the landlord had neglected to repair adjoining tenements, thereby causing injury to the leased premises. In that case in defining the words "unavoidable casualty" it was said at page 325: "This phrase is in very common use in leases in this country, and has, as we suppose, a well settled and understood meaning. It does not signify a mere want of repair, arising from lapse of time or improper use of the premises; nor from trespasses or nuisances occasioned by the acts of the tenant or of third persons. Neither does it include any injuries which may happen by reason of the common and ordinary use and occupation of the estate leased, or of adjoining premises. The term has a much more restricted meaning, and comprehends only damage or destruction arising from supervening and uncontrollable force or accident. By a strict definition, as applied to

the subject matter, it signifies events or accidents which human prudence, foresight and sagacity cannot prevent. . . . Looking at the connection in which they stand, and applying to them the maxim of construction, *noscitur a sociis*, they clearly signify occurrences of an unusual and extraordinary character. The language of the proviso is, 'in case the premises or any part thereof shall during said term, be destroyed or damaged by fire or other unavoidable casualty,' that is, by causes like fire, such as lightning, earthquakes and wind, which usually result without any direct agency of the tenant, and which are ordinarily beyond human control."

The freezing of pipes in this climate in the winter time is not an occurrence of an unusual, unexpected or extraordinary character; it happens frequently in extremely cold weather; it cannot be said to be beyond human control. The language above quoted is decisive of the question presented in the case at bar, and makes it plain that the instruction to the jury that the unpaid rent was due without any abatement because of repairs made by the defendant, was correct. It follows that the defendant was not entitled to recover on the declaration in set-off.

*Exception overruled.*