### Maria N. Holmes *vs.* William J. Sullivan.

Middlesex.    March 21, 1922. — March 22, 1922.

Present: Rugg, C. J., Braley, De Courcy, Crosby, & Jenney, JJ.

*Practice, Civil,* Judge's charge, Requests, rulings and instructions.    *Damages,* In tort.

Upon an exception to the refusal by a judge to give a certain instruction to the jury, the charge of the presiding judge to the jury, if not reported in the bill of exceptions, must be presumed to have been comprehensive and accurate.

In an action of tort for an unlawful entry upon the plaintiff's land and the erecting thereon of a platform and steps deflecting surface water upon the plaintiff's land, where there was no allegation in the declaration that the defendant acted with gross carelessness of the plaintiff's right or of mental suffering caused to the plaintiff, and no evidence in the record of such carelessness, it was *held,* that the judge properly refused to instruct the jury that "The plaintiff is entitled to damages for mental suffering, if the jury find that the defendant acted with gross carelessness of the plaintiff's rights in the premises."

*Whether* the ruling asked for as above described was sound in law, was not considered.

Tort for an unlawful entry upon the plaintiff's land and the building thereon of a platform and steps which caused surface water to be drained upon the land.    Writ dated January 18, 1921.

In the Superior Court the action was tried before *Hammond, J.* At the close of the evidence, the plaintiff requested the judge to instruct the jury as follows: "The plaintiff is entitled to damages for mental suffering, if the jury find that the defendant acted with gross carelessness of the plaintiff's rights in the premises."    The judge refused to instruct the jury as requested.    The jury returned a verdict for the plaintiff in the sum of $1; and the plaintiff alleged exceptions.

*J. J. Hogan & W. A. Hogan,* for the plaintiff.

The defendant submitted the case without argument or brief.

By the Court.    This is an action of tort.    The wrong of which complaint is made was the unlawful entry by the defendant upon the plaintiff's land, and, as matters of aggravation, the building thereon of a platform and steps whereby surface water was drained on to the plaintiff's estate.    The charge of the presiding judge is not reported and must be presumed to have been comprehensive

and accurate. The single exception is to the refusal to grant this request presented by the plaintiff: "The plaintiff is entitled to damages for mental suffering, if the jury find that the defendant acted with gross carelessness of the plaintiff's rights in the premises." There is no allegation on this point in the declaration. There is no evidence in the record of such gross carelessness. *Altman* v. *Aronson*, 231 Mass. 588, 591 to 593. Hence there was no error in refusing to give any instruction upon the subject. Whether the ruling requested was sound in law need not be considered.

*Exceptions overruled.*