EDWARD G. ACKER, INCORPORATED, *vs.* JOSEPH RITTENBERG.

Suffolk.    March 17, 18, 1926. — May 25, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Frauds, Statute of. Contract,* Construction, Performance and breach. *Evidence,* Admitted without objection, Extrinsic affecting writing.

In an action of contract, it appeared that the defendant, the husband of the owner and lessor of certain real estate, on September 14, 1921, made in writing with the plaintiff, a corporation whose president was the owner of one third of the corporate stock of another corporation which was a lessee of the premises of the defendant's wife and who formerly had been, but at that time was not, the president and treasurer of such lessee, an agreement "that if the present lease . . . is cancelled or terminated within one year from date, I will give you [the plaintiff] $4,000 cash when the place is turned over to me . . . or I will give you a new lease terminating October 31, 1925, at a yearly rental of $9,100 per year."    The lessee then was in default in payment of rent and later became bankrupt, whereupon the lessor entered and took possession of the premises.    Afterwards, the defendant's wife gave a lease of the premises to another person, and the defendant refused to pay the plaintiff $4,000.    *Held,* that

(1) The writing satisfied the requirements of the statute of frauds;

(2) Even if the agreement be not strictly an alternative contract, the defendant by it agreed to pay $4,000 as liquidated damages if he failed to furnish the lease;

(3) The fact that one part of the alternative promise became impossible of fulfilment did not relieve the defendant from the performance of the other part;

(4) The contract on its face disclosed no illegality, and the mere fact that the plaintiff's president also was a minority stockholder in the corporation, the termination of whose lease was a condition precedent to

performance by the defendant of the contract in suit, did not as a matter of law render the contract illegal;

    (5) It was proper to refuse a request for a ruling that the plaintiff was entitled only to nominal damages.

At the trial of the action above described, by an understanding of the parties and without objection, all conversations of the parties preceding and following the making of the agreement were admitted in evidence. After a verdict for the plaintiff, the action was reported to this court for determination. The report did not contain any portion of the instructions to the jury and it did not appear that there was any exception to any instruction given. *Held*, that it could not be said that the oral testimony contradicted or altered the contract in writing or improperly affected the verdict.

CONTRACT with a declaration as amended in five counts, the first four counts being upon the agreement in writing described in the opinion and the fifth count being upon agreements made on November 5 and December 15, 1921. Writ dated October 7, 1922.

In the Superior Court, the action was tried before *Keating*, J. The record states: "Early in the trial there was an understanding between counsel and court that all the conversations between the parties above testified to should go into the evidence."

Further material evidence is described in the opinion. The judge refused to order a verdict for the defendant. The jury found for the plaintiff in the sum of $4,650.66. The judge reported the action for determination by this court upon a stipulation "that if the case ought not to have been submitted to the jury, judgment shall be entered for the defendant, but if the court was right in submitting the case to the jury, judgment is to be entered for the plaintiff in the sum of (1) $4,000, with interest from the date of the writ, the interest being $650.66, if the plaintiff is entitled to recover $4,000 according to the correct measure of damages; or (2) one dollar if the plaintiff is entitled to recover nominal damages only, according to the correct measure of damages."

*E. Greenhood*, for the defendant.

*J. C. Johnston*, for the plaintiff.

CARROLL, J. The declaration is in five counts; the action in contract. A paper was in evidence, signed by the defendant, Joseph Rittenberg, dated September 14, 1921, addressed

to the plaintiff. It stated in substance that Rittenberg wished to advise the plaintiff "that if the present lease held by . . . [the present tenant in Allston] is cancelled or terminated within one year from date, I will give you four thousand dollars cash when the place is turned over to me . . . or I will give you a new lease terminating October 31, 1925 at a yearly rental of $9,100 per year." The plaintiff assented in these words: "We agree to accept one of the above propositions." The verdict for the plaintiff was a general one. The answer was a general denial and the statute of frauds.

The defendant's wife owned the property in question. In September, 1921, the lessee of these premises was in default of rent. There was evidence that Acker, the plaintiff's president, acting with its authority, talked with the defendant and the paper was signed by Rittenberg. September 30 the tenant of the premises was bankrupt and the defendant, representing his wife, entered and took possession of the premises. There was evidence from Acker that Rittenberg asked if he would take a lease if "he got rid of them," referring to the present tenants, and Acker said "Yes"; that later the paper in question was drawn up; that in November following Acker saw Rittenberg in possession of the premises; and asked him when he (Acker) "was going to get a lease"; that Rittenberg replied, "he was making improvements, that negotiations for the sale of the property were under way and he preferred to sell clear of any lease"; that if he sold he would give him $4,000 in place of the lease; that subsequently the parties met and Rittenberg told the plaintiff's president not to worry, that the plaintiff would get a lease as agreed or $4,000 in cash in the event that the property was sold; that the defendant frequently during the two months following reaffirmed this statement, and in February, 1922, at the defendant's request, Acker went to a lawyer's office where a lease was to be prepared and he was to meet Rittenberg; that the latter failed to keep the appointment and the next day told Acker he would take care of the lease. Acker further testified: "Later . . . I told him I understood he had leased the place to a third party . . . for ten years and had gotten

a $5,000 bonus and that I therefore expected to get $4,000 in place of the lease, and he said he would take care of it as soon as he got his money . . . . At that time I was and ever since I have been ready and willing to excuse him from giving me the lease upon receipt of $4,000"; that the defendant promised "if I don't give you a lease, I will give you $4,000."

The jury could have found for the plaintiff. The written memorandum of September 14 satisfies the statutes of frauds. The defendant agreed that, if he secured possession of the garage within a year, he would give the plaintiff a lease of it or pay the company $4,000. He secured such possession. As he failed to give the lease, and by leasing to another party made the performance of this alternative impossible, he became liable to perform the other alternative and to pay the $4,000 agreed. *Smith* v. *Bergengren*, 153 Mass. 236. Even if not strictly an alternative contract, the defendant agreed to pay $4,000 as liquidated damages if he failed to furnish the lease. *Glynn* v. *Moran*, 174 Mass. 233. *Chase* v. *Allen*, 13 Gray, 42.

The fact that one part of the alternative promise becomes impossible of fulfilment does not relieve the defendant from the performance of the other alternative. *Drake* v. *White*, 117 Mass. 10, 13. The defendant had the right to elect; he could decide whether to give the lease or to pay the money. *Layton* v. *Pearce*, 1 Doug. 15.

It appears that the president of the plaintiff had been the president and treasurer of the New England Motors, Inc., and at the time of the negotiations with the defendant owned one third of its capital stock although he was not at that time an officer. The New England Motors, Inc. held the lease of the garage which the defendant sought to terminate. The defendant contends that Acker, being a stockholder of the motors company, entered into an illegal contract to induce that company to do something in exchange for a personal benefit to himself. See *Woodruff* v. *Wentworth*, 133 Mass. 309; *Palmbaum* v. *Magulsky*, 217 Mass. 306.

On its face the contract discloses no illegality. There was no agreement on the part of the plaintiff to terminate the

lease or to bring about its termination. It also appears from the parol evidence which was admitted without objection, that there was no illegality in his conduct. See *Way* v. *Greer*, 196 Mass. 237. The case in this respect is distinguishable from *Essex Trust Co.* v. *Enwright*, 214 Mass. 507.

No question arises on the instructions given to the jury. It does not appear that any exception was taken to them and the report does not show what instructions were given. We must assume they were correct. See *Holmes* v. *Sullivan*, 241 Mass. 195.

There was no error in ruling that the plaintiff was not limited to nominal damages. The contract gave the company the right to recover $4,000 if the defendant refused to give it the lease when the existing lease was cancelled.

The parol evidence was admitted without objection. We cannot say that it contradicted or altered the written contract. It may have been introduced to identify the subject matter and explain what might be ambiguous.

We find no error in the conduct of the trial. The case was properly submitted to the jury. Judgment is to be entered for the plaintiff in the sum of $4,000, with $650.66 interest.

*So ordered.*