WILLIAM H. SLOCUM & another, trustees, *vs.* NATURAL PRODUCTS COMPANY.

Suffolk.   October 7, 1935. — November 25, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Landlord and Tenant*, Construction of lease, Fire. *Fire. Practice, Civil,* Requests, rulings and instructions, Exceptions. *Words,* "Fire or unavoidable casualty."

An unintentional fire on leased premises need not also be an "unavoidable casualty" to fall within the exception in a covenant by the lessee in the lease to keep the premises in repair, "damage by fire or unavoidable casualty only excepted."

The evidence warranted a finding that a fire which occurred during business hours on an upper floor of premises leased to a corporation which was operating a successful business and would be damaged by such a fire, was not intentionally set.

A general finding correct as matter of law in view of one subsidiary finding, was not to be disturbed though the evidence did not warrant another subsidiary finding which the trial judge made and which he erroneously ruled, at the request of the losing party, to be necessary to support the general finding.

CONTRACT OR TORT.   Writ dated July 29, 1930.

The defendant alleged exceptions to the disposition of certain motions in the Superior Court by *Whiting*, J., and *Morton*, J.

The action was heard without a jury by *Gray,* J., who found for the defendant. The plaintiffs alleged exceptions.

*R. J. Walsh,* for the plaintiffs.

*T. E. Shasta,* (*S. D. Elmore* with him,) for the defendant.

QUA, J.   The questions now before us arise out of a count in contract wherein the plaintiffs as lessors declare for breach by the defendant as lessee of a covenant in a lease "to make all repairs, both outside and inside usual or necessary to keep the demised premises in good repair and condition in every respect during the term of this lease, damage by fire or unavoidable casualty only excepted."

During the term the premises were substantially damaged by fire. The plaintiffs contend that by the true interpretation of the covenant, damage by fire is not within the exception, unless the fire itself was in the nature of an unavoidable casualty; that the burden is on the defendant to prove that it was such; and that in this case the origin of the fire was so far unexplained and the circumstances disclosed were so suspicious that the evidence would not support a finding to that effect.

The judge found that while there was evidence of circumstances raising a strong suspicion that the fire was deliberately set by an officer of the defendant, there were other facts which outweighed these circumstances; that the defendant had a successful business in a healthy financial condition; that it had a substantial amount of property on the premises which was underinsured; that a fire was bound to cause damage to the defendant by interruption of its business which could not be compensated by any padding of the fire loss which could be reasonably anticipated; and that he was convinced the suspected officer did not set the fire. He found that the fire was "accidental and unavoidable," and found for the defendant.

We cannot accept the plaintiffs' construction of the covenant. We think the lessee was to be excused from liability for damage caused either by fire or by unavoidable casualty. This is the natural meaning of the words used. If it had been intended that the fire must also be an unavoidable casualty, it would seem that there was no

occasion for mentioning fire at all or that, if mentioned, qualifying words would have been used or other types of possible unavoidable casualties would also have been mentioned. There is nothing to the contrary in *Welles* v. *Castles*, 3 Gray, 323. There are sound reasons why a lessee who has no permanent interest in the property should seek relief from the burden of repairing or restoring the premises after fires in general, at least if not intentionally caused by himself. We think the exception includes fires resulting from negligence of the lessee, and therefore in the popular sense "accidental." It does not necessarily follow that the lessors would have no action in tort for the damage sustained. For the purposes of this case we need not decide whether in view of language elsewhere in the lease the exception would include a fire intentionally set by the lessee. We may assume, but without deciding, that it does not extend that far. Nor need we consider what construction should be placed on the word fire in the more common expression "fire or other unavoidable casualty." See *Ball* v. *Wyeth*, 8 Allen, 275. Other decisions explaining "unavoidable casualty" are *Bigelow* v. *Collamore*, 5 Cush. 226, *French* v. *Pirnie*, 240 Mass. 489, and *Leominster Fuel Co.* v. *Scanlon*, 243 Mass. 126.

The finding of the judge that the fire was accidental necessarily includes a finding that it was not intentional. To that extent at least the evidence will support the finding. The exact cause need not be shown. *Chicago, St. Louis & New Orleans Railroad* v. *Pullman Southern Car Co.* 139 U. S. 79. The judge could find, for the reasons which he states, that the defendant did not set the fire. He could also find for the same reasons that it was not likely that employees of the defendant, who on the evidence could have been found to be friendly to the defendant, would set it. He could also find it unlikely that any stranger would set a fire on the fourth floor of the building during business hours when employees were about. All this remains true even if we assume in favor of the plaintiffs, although we do not decide, that the defendant had the burden of proving that the damage came within the excep-

tion of the covenant. The judge found that the defendant did prove that the fire was "accidental."

As the finding that the fire was accidental was in itself enough to require the general finding for the defendant, we need not, in the view we take, determine whether the evidence would also support the further finding that the fire was unavoidable.

We do not agree with the plaintiffs that because at the close of the evidence the judge ruled at their request that the defendant was under a duty to repair "unless said fire was in the nature of an unavoidable casualty," we are now bound by that ruling, and that the exceptions must be sustained unless the evidence will support the finding that the fire was unavoidable. The cases cited by the plaintiffs do not go to that length. *Minsk* v. *Pitaro*, 284 Mass. 109, 113. *Franca* v. *Rubin*, 268 Mass. 590, 593. *Phillips* v. *Director General of Railroads*, 251 Mass. 263, 268. Where a party has in no way changed his position in reliance upon a ruling too favorable to himself he has no such vested interest in that ruling that he can compel this court to carry it into effect by overturning a general finding supported by subsidiary findings which were not affected by the ruling, when the record taken as a whole shows that the general finding was right. A party whose case has been rightly decided according to law on facts duly established is not "aggrieved." G. L. (Ter. Ed.) c. 231, § 113. *Freeman* v. *Robinson*, 238 Mass. 449. The case is analogous to many cases in which it has been held that a correct result will be sustained, even if we find ourselves unable to reach it by the same chain of reasoning adopted by the trial court, and is governed by that principle. *Reilly* v. *Selectmen of Blackstone*, 266 Mass. 503, 512, and cases cited. *Hamilton Manuf. Co.* v. *Lowell*, 274 Mass. 477, 487. *Broitman* v. *Silver*, 278 Mass. 510.

Exceptions not argued are deemed to have been waived.

The defendant's exceptions are to be waived, if the plaintiffs' exceptions are overruled.

*Plaintiffs' exceptions overruled.*
*Defendant's exceptions waived.*