John DOYLE

v.

Margaret G. MOYLAN, Ex'x.

Civ. A. No. 56–20.

United States District Court
D. Massachusetts.

May 3, 1956.

**96**

Robert A. Shea, Boston, Mass., for plaintiff.

Frank T. Raleigh, Springfield, Mass., for defendant.

ALDRICH, District Judge.

This is a motion for summary judgment made by the defendant on the ground that service of process was not made within the statutory period.

■ On June 22 or 23, 1954, plaintiff's counsel prepared a complaint against the defendant executrix for an alleged indebtedness of the estate, the same claim involved in the present suit. The complaint was filed in this court June 23, and that afternoon counsel conferred with the marshal's office with regard to service. He had not brought the necessary funds to make payment in advance, and accordingly returned the next morning. At that time there was a further conference. What took place at that conference is disputed, but in view of the fact that this is a motion for summary judgment, even though I received testimony, I must consider it in the light most favorable to the plaintiff. This would permit a jury to find that counsel told the Deputy Marshal that since this was an action against an estate, and the executrix had qualified on June 26, 1953, service must be made in hand upon her by June 25; that the deputy understood about the date but did not understand that service in hand was essential; that he went to defendant's home on June 25 and was told her particular whereabouts was not then known, and made only the customary "last and usual" under, Fed. Rules Civ.Proc. rule 4(d) (1), 28 U.S. C.A. This service was insufficient under the special Massachusetts statute. Mass. G.L.(Ter.Ed.) ch. 197, § 9. In November, 1955 the action was dismissed. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520, rehearing denied 338 U.S. 839, 70 S.Ct. 33, 94 L.Ed. 513; Doyle v. Moylan, Ex'x, D.C.D.Mass. CA–54–507–A. The present action, thereafter brought, may be maintained only by showing that the former action "fail[ed] of a sufficient service or return by an unavoidable accident." Mass.G.L.(Ter.Ed.) ch. 197, § 12.

■ The term "unavoidable" has been variously defined by the Massachusetts court. The court holds that a liberal interpretation is to be given it in this particular connection. Duff v. Zonis, 327 Mass. 347, 99 N.E.2d 47. Therefore the strict rule of French v. Pirnie, 240 Mass. 489, 134 N.E. 353, 20 A.L.R. 1098, construing "unavoidable casualty" as one not avoidable by any human prudence, foresight, or sagacity, is not to be followed. See also Davenport v. Squibb, 320 Mass. 629, 631, 70 N.E.2d 793. However, unavoidable is still a strong word. In Duff v. Zonis counsel attempted service upon a nonexisting defendant. The court took pains to point out that this was a natural error due to defendant's own conduct, that counsel had been diligent, and had made an unforeseeable mistake. In view of the other definitions the court has given "unavoidable," I believe Zonis goes to the limit of a liberal interpretation.

■ In the case at bar it scarcely seems unforeseeable that the deputy, having but one day, or, at best, two, to make service, might fail to make service in hand, even if his instructions were clear and explicit. It is common knowledge that defendants cannot always be found, or found forthwith. The statute, however, contained a plain and easy alternative, not present in the statute involved in the Zonis case. Service did not have to be made in hand on the executrix within the year if counsel, instead, filed a "notice" in the registry of probate. Mass.G.L.(Ter.Ed.) ch. 197, § 9.

Where alternative performances are possible an excuse as to one is not an excuse for the other. Cf. Edward G.

Acker, Inc., v. Rittenberg, 255 Mass. 599, 152 N.E. 87. The short statute of limitations is intended to facilitate the prompt settlement of estates. Parker v. Rich, 297 Mass. 111, 8 N.E.2d 345, 347. Counsel testified he was familiar with it.[1] As pointed out in Parker v. Rich, the probate notice alternative was for the purpose of protecting a plaintiff "who has failed for any reason to obtain service of his writ * * * within [the] year." By this the court must mean counsel should determine in advance to exercise it, because after the year has finally passed without service it is also too late to file the notice. Where counsel adopted the risky method, and made no attempt to comply with the safe and easy one expressly provided, I do not feel it can be said he failed by reason of an unavoidable accident.

Complaint dismissed.

---

[1]. I do not believe unfamiliarity with this well-known statute would have been of consequence in any event. Under Duff v.

Zonis counsel's negligence does not appear to constitute an unavoidable accident.