THOMAS H. DUPREE & another[1] vs. MELVIN GIPSTEIN
& others.[2]

Middlesex.   December 11, 1974. — January 13, 1975.

Present: HALE, C.J., ROSE, KEVILLE, & GRANT, JJ.

*Judgment,* Petition to vacate.  *Fraud.  Fiduciary.*

The fact that three of several heirs to certain real estate received a
note from prospective purchasers in return for inducing the re-
maining heirs to sell the real estate to these purchasers did not,
without more, support the contention that the note was given for
an illegal consideration, even if the remaining heirs were unaware
ot this agreement.  [770-772]

PETITION filed in the Superior Court on September 15,
1972.

The case was heard by *Bennett,* J.

*Henry Gesmer* for the petitioners.

*Morris Michelson* for the respondents.

GRANT, J.   This is a petition to vacate a judgment
entered against the petitioners at the conclusion of an
action of contract brought against them in the Superior
Court by the respondents herein.   The ultimate objective
of the petition is to secure leave to file and prosecute a
bill of exceptions with respect to the order for judgment
in favor of the respondents herein which was entered in
the original action.   The petition is here on (1) a bill of
exceptions brought by the respondents which challenges
the sufficiency of the evidence to warrant the finding of a
judge of the Superior Court that the petitioners' over-

[1] Frederick Dupree.

[2] Joseph Gipstein and Rose Gipstein.

sight or neglect in failing to file a bill of exceptions was excusable, and (2) a bill of exceptions brought by the petitioners which attacks the same judge's order denying the petition for lack of a meritorious case.[3]

The original action was brought to recover the unpaid face amount of a promissory note which the petitioners had given to the respondents. The critical order for judgment which the petitioners seek to have reviewed by an appellate court was entered following a hearing held on the pleadings, on certain admissions, and on opposing affidavits submitted under the summary judgment procedure which then prevailed under G. L. c. 231, § 59, as amended through St. 1965, c. 491, § 1. The procedural argument for the existence of a meritorious case is that the petitioners' answer in the original action set up a good defence to the action which was supported by facts asserted in affidavits submitted in their behalf which were not contradicted by anything found in the affidavits submitted in the respondents' behalf. The substantive argument for the existence of a meritorious case, reduced to its simplest terms, is that the note in question was given to the respondents for an illegal consideration and was therefore void. We proceed to an examination of the latter contention so far as it is disclosed and supported by the petitioners' bill of exceptions.[4]

---

[3] The actual findings and order are as follows: "Upon finding, a) that any oversight or neglect by the petitioners' counsel was excusable and not a bar to vacating judgment, b) that the exceptions saved to the allowance of respondents' motion for summary judgment is not worthy of presentation to an appellate court by bill of exceptions, the petition is denied." See *Lovell* v. *Lovell,* 276 Mass. 10, 11-12 (1931); *Tucker, petitioner, post,* 892 (1974), and cases cited.

[4] The entire file of papers in the original action was received in evidence at the hearing on the present petition, but only summaries of the contents of the pleadings and pertinent affidavits (portions of which are quoted in the text of our opinion) appear in the petitioners' bill of exceptions. As those summaries do not, in our opinion, afford an adequate basis for determining the legal propriety of the original

It appears from the bill that the respondents were three of the several heirs of one Bertha E. Cohen who had died intestate owning valuable real estate which the petitioners were desirous of purchasing from the heirs. Construing the bill most favorably to the petitioners, it seems likely that the note in question was solicited by the respondents in return for their services in facilitating the desired purchase by obtaining the assent of all the heirs to an agreement to sell the real estate to the petitioners. The note was ultimately delivered to the respondents upon the conveyance of the real estate to the assignee of the petitioners' rights under a purchase and sale agreement signed by all the heirs.

The petitioners' answer to the declaration in the original action included (see n. 4) "the following allegations of affirmative defenses: lack of consideration . . . and denial of liability on the note on the alleged ground that the . . . [respondents] obtained it pursuant to a scheme and plan among them they being among the heirs of Bertha E. Cohen to defraud the other heirs of Bertha E. Cohen." An affidavit of one Rosenshine, whose relationship to and first-hand knowledge of the pertinent transactions are matters of conjecture, asserts that " the note was procured by . . . [the respondents] without the knowledge or agreement of the other heirs entitled to

order for judgment, we confine our consideration to the narrower question whether the bill, such as it is, discloses the existence of a meritorious case.

We might know more about the case if we were to look at the summaries appearing in the bill of certain pre-trial depositions of the respondents which were taken in the present proceedings but which were excluded by the judge at the hearing on the petition. We have not looked at those summaries because the petitioners have not argued their exceptions to the exclusion thereof (see Rule 1:13 of the Appeals Court, 1 Mass. App. Ct. 889 [1972]) and because such depositions could not possibly have been before us if appellate review had been sought in the normal course and usual manner. We see no reason the petitioners should now be permitted to show that they had a better case than the one they presented in the course of the original action.

participate in the proceeds of the sale of the real property as heirs of the late Bertha A. Cohen."[5]

The petitioners argue from the foregoing that the respondents stood in a fiduciary, or at least a confidential, relationship to the other heirs and that the agreement which generated the note was illegal because it necessarily required the respondents to give the other heirs advice which was not disinterested. We do not think any such contention can be successfully maintained on this record. It is nowhere asserted that the respondents' relationship to the other heirs was in fact of a fiduciary or confidential nature, and it is clear that no such relationship between heirs is to be presumed. *Meskell* v. *Meskell*, 355 Mass. 148, 151-152 (1969). See *Kelly* v. *Kelly*, 358 Mass. 154, 156-157 (1970); Bogert, Trusts and Trustees, § 482, at 145-149 (2d ed. 1960).

Nor, in the absence of more than appears from this record, do we think it a permissible inference that the agreement between the parties required the respondents to hold themselves out to the other heirs as the dispensers of disinterested advice regarding the sale of the real estate. Contrast *Fuller* v. *Dame*, 18 Pick. 472, 482 (1836); *Rice* v. *Wood*, 113 Mass. 133, 135 (1873); *Palmbaum* v. *Magulsky*, 217 Mass. 306, 308 (1914); *Gadsby* v. *Gadsby*, 275 Mass. 159, 166-167 (1931). The fact, if it be such, that the other heirs were unaware of the agreement the respondents had made with the petitioners does not require or support an inference that the respondents did in fact pose as disinterested in their dealings with the other heirs, whatever those dealings may have been.

On the abbreviated record before us (see n. 4) we concur in the conclusion of the judge below that the

---

[5] We ignore the immediately ensuing assertion "and that therefore the procurement of the note was in fraud of such heirs." That assertion amounts to nothing more than a statement of the conclusion which the affiant has drawn from his immediately preceding assertions; it does not rise to the dignity of a "fact" within the meaning of G. L. c. 231, § 59.

petitioners have not disclosed a case worthy of presentation to an appellate court. That conclusion relieves us of the obligation to consider the respondents' exceptions, which will be treated as waived.

> *Petitioners' exceptions overruled.*
>
> *Respondents' exceptions dismissed.*

