Lenhoff, J.
The plaintiff trust instituted this tort action to recover for fire damage to its realty caused by the negligence of its lessee, one Patricia Arnold (now deceased) from her co-lessee, the defendant, Edward Nalewanski.
The defendant Nalewanski filed an answer denying responsibility of any negligent act of the late Patricia Arnold, his former co-lessee; and, he asserted that the plaintiff was estopped from claiming damages as the concerned lease excluded liability for damages caused by fire.
At the trial the evidence tended to show:
That the late Patricia Arnold and the defendant Nalewanski on October 26, 1978 executed a lease with the owner-plaintiff for premises situate in Easthampton, Massachusetts. The defendants equally shared an apartment in the plaintiffs premises and the cost thereof. This situation continued to exist up to and including December 18, 1978, the day on which a fire occurred at the demised premises. Said fire was caused by the sole negligence of the late Patricia Arnold resulting from her careless smoking in bed. At the time the fire took place, the defendant, Edward Nalewanski, was working and not in the apartment. He knew that Patricia Arnold smoked, but he was not aware that she had been smoking in bed.
The lease executed by the co-lesses with the plaintiff contained the following provision:
TWO: — The said Tenant shall pay the rent for the premises as here-inbefore described, and shall take good care of the premises and fixtures, and shall in no way damage or allow any damage to be committed to the premises hereby leased, nor commit any waste, and shall deliver up said premises at the termination of the tenancy in as good condition as they were received, fire and ordinary wear and tear excepted, and the tenant shall pay the landlord for any damage, injury or breakage committed by the Tenant or by any agents, servants or visitors:...
The trial court found for the defendant, Edward Nalewanski and dismissed the claim against the defendant, Patricia Arnold. (In its Memorandum of Findings, the trial justice stated that said Patricia Arnold was deceased at the time of the trial; that the cause of death was not related to the fire; and, that since no suit was brought against her estate, such dismissal against her as an individual was in order.)
The plaintiff filed ten (10) requests for rulings of law. All its requests were allowed, *192 except requests numbered 1,3, and 6, which were denied with the trial justice stating that each request was inconsistent with the facts found. The denial of these requests is the plaintiffs grievance that brings this case to our attention for determination. These three (3) denied requests are as follows:
1. Upon all the evidence, the weight of evidence and the credibility of the evidence, this court should find for the plaintiff.
3. The evidence warrants a recovery by the plaintiff.
6. The fire exception in the lease applies only to the defendants’ duty to deliver up the premises at the termination of the tenancy in as good condition as they were received and it does not limit the defendants’ liability for waste.
The trial court in its Memorandum of Findings found as facts what is hereinbefore set forth as evidence; and, in addition thereto, found that the damage caused by the fire amounted to $2,514.00.
We find no error.
The case of Slocum v. Natural Products Co., 292 Mass. 455, 456 (1935) is here controlling, and its application hereto is dispositive hereof.
It is clear, indeed, that the lease agreement excepted damage by fire from all damage otherwise caused by the defendant co-lessees and co-tenants as it also excepted fire damage from being considered or included in the meaning of the word “waste” as used therein.
Notwithstanding the above, as per Slocum v. Natural Products Co., supra, the plaintiff could maintain an action in tort for negligence in causing a fire that results in damages. The active negligent party, in the case at bar, was the now deceased defendant, Patricia Arnold. The holding of her co-lessee liable for her negligent act could only result by imputing her negligence to him. To do so, a joint enterprise would have had to be established. As the facts found disclosed that the defendant, Edward Nalewanski, was working; was not in or on the premises; and, was unaware that his female co-lessee was carelessly smoking in bed, he did not have an equal right, then and there, “to direct and control her conduct concerning her act that caused or contributed to the causation of injury.” See Stock v. Fife, 13 Mass. App. Ct. 75 at p. 79 (1982); Adams v. Dunton, 284 Mass. 63, 67 (1933). Hence, he cannot be held liable therefor.
Finding no error, the report is dismissed.